IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


RUTH ANN ROBINSON, NIKIA MCCASKILL,
MARTHA PATE, MATTHEW ELLIS,
ROBERT COCKRAN, KATHERINE WILLIAMS,
NADINE GRANDERSON, and EDDIE HOLT                                          PLAINTIFFS


v.                                                    CIVIL ACTION NO.: 4:12-cv-96-SA-JMV


DIRECT GENERAL INSURANCE COMPANY
OF MISSISSIPPI, DIRECT GENERAL INSURANCE
AGENCY, INC., DIRECT GENERAL CORPORATION,
DIRECT GENERAL INSURANCE COMPANY, and
NATION MOTOR CLUB (a/k/a NATION SAFE DRIVERS, LLC)                         DEFENDANTS


## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion to Remand [13]. Because the Court determines that there is no diversity jurisdiction under 28 U.S.C. § 1332, that motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs in this action are Mississippi residents who purchased automobile insurance policies from Direct General. Specifically, each Plaintiff obtained a Direct General policy between 2007 and 2011 from the Direct General Insurance Agency office in Greenville, Mississippi. Each of the Plaintiffs' policies were serviced by Direct General Agents Derrick Quarles or Levar Hill. Contemporaneously with the purchase of those automobile insurance policies, Plaintiffs also purchased a number of add-on products or automobile club services. Those products, the Roadside Assistance Program and Auto Protection Plan, were not Direct General products, but were instead underwritten by Nation Safe Drivers (Nation Safe).

Contending that they were fraudulently induced to purchase those add-on products, that the products were worthless, unreasonably priced, and were sold in violation of state law, Plaintiffs filed the present action in the Circuit Court of Leflore County, Mississippi. Defendant Nation Safe thereafter removed the action to this Court on grounds of purported diversity jurisdiction. In its notice of removal, Nation Safe alleged that although Direct General Insurance Company of Mississippi and Direct General Insurance Agency Inc. (Direct Defendants) were non-diverse defendants, those parties should be overlooked under the theory of fraudulent misjoinder or improper joinder.

## STANDARD OF LAW

Federal courts are courts of limited jurisdiction and, as such, are called to presume that a suit lies outside their jurisdictional limits. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). When a case is removed under the premise of the court's diversity jurisdiction, it "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. Similarly, in a case with multiple plaintiffs or multiple defendants, complete diversity is required.

Significantly, the party removing the case bears the burden of showing that jurisdiction is proper in federal court. Guillory v. PPG Indus., Inc., 434 F. 3d 303, 309 (5th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The removal statute is to be strictly construed,

and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F. 3d 278, 281 (5th Cir. 2007).

DISCUSSION AND ANALYSIS

In the case at hand, it is undisputed that the Plaintiffs are all citizens of the forum state. Similarly, Defendants Direct General Mississippi and Direct General Agency Inc. are also citizens of Mississippi. Defendant Nation Safe, however, contends that diversity jurisdiction is nonetheless proper under either a fraudulent misjoinder or improper joinder theory.

*Fraudulent Misjoinder*

The concept of fraudulent misjoinder was first articulated by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Previously, fraudulent joinder provided the sole basis for disregarding the citizenship of a non-diverse party. However, in Tapscott, the Eleventh Circuit articulated that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." Id. at 1360. Therefore, at least where the joinder of defendants constitutes an "improper and fraudulent joinder, bordering on a sham," the Eleventh Circuit has instructed that the presence of such non-diverse defendants should not destroy federal jurisdiction. In other words, "a defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" Id. at 1359 (quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)).

Although the Fifth Circuit has seemingly endorsed the theory of fraudulent misjoinder, the court has provided limited instruction on how the doctrine should be applied. See In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002) (noting that "it might be concluded

3

that misjoinder . . . should not be allowed to defeat diversity jurisdiction."); Jackson v. Truly, 307 F. Supp. 2d 818, 823 (N.D. Miss. 2004) ("This Court concludes that the Fifth Circuit has adopted, at least in principle, the doctrine of fraudulent misjoinder."). Federal district courts within this state, however, have first looked to the Mississippi Rules of Civil Procedure in order to evaluate a party's fraudulent misjoinder claim. Palermo v. Letourneau Tech. Inc., 542 F. Supp. 2d 499, 517 (S.D. Miss. 2008); Jamison v. Purdue Pharma Co., 251 F. Supp. 2d 1315, 1323 (S.D. Miss. 2003).

Thus, under Mississippi Rule of Civil Procedure 20(a), "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Miss. R. Civ. P. 20(a). For joinder to be proper, both prongs of Rule 20(a)—(1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action—must be satisfied. See e.g. Wyeth-Ayerst, 905 So. 2d 1205, 1207 (Miss. 2005). In order for an alleged "occurrence" to be sufficient to satisfy the two factors required under Rule 20(a), "there must be a 'distinct litigable event linking the parties.'" Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007) (quoting Wyeth-Ayerst, 905 So.2d at 1208).

Whether a "distinct litigable event" exists is determined by considering the proof necessary to succeed on the alleged claims. Id. at 730. As explained by the Mississippi Supreme Court in Hegwood:

> The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several

4

> different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id.

Although both prongs of Rule 20 must be met in order to deny a motion to sever, the rule extends broad discretion to the trial courts in determining how to try claims, and such determinations are properly reviewed on a case-by-case basis. Mississippi Farm Bureau Fed. v. Roberts, 927 So. 2d 739, 741 (Miss. 2006). Moreover, when considering the propriety of a party's Rule 20(a) joinder in the fraudulent misjoinder context, mere misjoinder will not suffice for purposes of overlooking a non-diverse party's presence in the action. Sweeney v. Sherwin Williams Co., 304 F. Supp. 2d 868, 873 (S.D. Miss. 2004). Instead, the application of fraudulent misjoinder requires that the misjoinder must be grossly improper, or, as the Eleventh Circuit articulated, "bordering on a sham." Walton v. Tower Loan of Miss., 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004); Tapscott, 77 F.3d at 1359. Therefore, this Court has previously stated that the doctrine is most readily applied "in cases where it seems clear that parties were misjoined specifically to defeat diversity jurisdiction as opposed to cases where such an inference is less clear." Id. at 697.

Turning to the case at hand, the Court finds that Defendant's fraudulent misjoinder argument fails.[1] Defendant, in arguing that the Plaintiffs' claims against Nation Safe and those against the Direct General Defendants have been misjoined, relies almost exclusively on the argument that the Plaintiffs' contracts with Nation Safe and contracts with the Direct Defendants were separate and distinct transactions. Essentially, Nation Safe's argument seems to be that Plaintiffs cannot show a "distinct litigable event." Plaintiffs, on the other hand, contend that the

---
[1] Defendant Nation Safe spends significant time arguing that the Plaintiffs' individual claims have been improperly joined, "as each Plaintiff's purchase . . . constitutes a separate and distinct transaction." Nonetheless, each Plaintiff is a citizen of Mississippi and such an argument need not be considered for purposes the present Motion to Remand.

5

causes of action arise "out of the same events and from numerous uniform misrepresentations." Specifically, Plaintiffs aver that each alleged fraudulent transaction "was carried out in a standardized and uniform manner by the defendants and their agents, and the misrepresentations and omissions of material fact." For present purposes, the Court finds that Plaintiffs have the more persuasive side of the argument.

Indeed, as articulated in <u>Hegwood</u>, "[t]he need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place." 949 So. 2d at 730. In <u>Roberts</u>, the Mississippi Supreme Court specifically considered the distinct litigable event requirement in the insurance policy context. 927 So. 2d at 740. Although that case applied the requirement as to the joinder of separate plaintiffs' claims, its holding is equally illustrative in regard to the joinder of an individual plaintiff's claims against separate defendants. There, the plaintiffs were a group of independent insurance agents who contracted with a number of separate insurers to sell insurance products. <u>Id.</u> They alleged that although they were good producers, they were prevented from expanding their business as promised and averred causes of action under both tort and contract theories. <u>Id.</u> at 741. In determining whether the plaintiffs could respectively join their actions, the Court considered whether there was a distinct litigable event tying the parties. <u>Id.</u> The Court found in the negative, relying on the fact that the plaintiffs "worked under different supervisors in different locations, and were subject to several different alleged circumstances at different times." <u>Id.</u> at 742. Additionally, the Court noted that no plaintiff had lodged claims against all defendants. <u>Id.</u>

In the case at hand, Plaintiffs argue that the two products, the NSD add-ons and the Direct General automobile policy, were sold, as to each respective Plaintiff, by the same agent, in the same sitting, with the same sales pitch, on the same date. The Court finds that Plaintiffs

6

have at the very least proffered sufficient argument that a Mississippi court might find that their claims against both NSD and the Direct Defendants were properly joined under the Mississippi permissive joinder standards. Unlike the Plaintiffs in Roberts who were disjointed, the Plaintiffs here have put forth significant argument that their respective claims arise out of wrongful acts that, albeit are separate, are nonetheless similar in type and character and occurred close in proximity.

Moreover, even if joinder were ultimately found improper, the Court determines that it is not so egregious as to constitute fraudulent misjoinder. As this Court noted in Walton, fraudulent misjoinder is most appropriate "in cases where it seems clear that parties were misjoined specifically to defeat diversity jurisdiction as opposed to cases where such an inference is less clear." 338 F. Supp. 2d at 697. Here, the Court finds ample justification for Plaintiffs' decisions to attempt to join their claims against both NSD and the Direct Defendants. Unlike the plaintiffs in Tapscott, where the claims against the non-diverse defendants were completely inapposite to the claims against the diverse defendants, Plaintiffs contend that their claims against the Direct Defendants here are essentially part and parcel of their claims against NSD.

*Improper Joinder*

Additionally, however, NSD also contends that even if the doctrine of fraudulent misjoinder provides them no relief, the Court should overlook the non-diverse Direct Defendants under an improper joinder theory. In the Fifth Circuit, "[i]mproper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 401 (5th Cir. 2013) (quoting McKee v. Kansas City S. Ry. Co.,

7

358 F.3d 329, 333 (5th Cir. 2004)). The Defendants here rely only on the second method. Therefore, the ultimate question before the court is "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the [court] to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, unless that showing compels dismissal of all defendants." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005).

In assessing the possibility of recovery, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. Typically, if the plaintiff's complaint survives such scrutiny, there is no improper joinder. Id. Alternatively, at its discretion and in "hopefully few" cases, the court may opt to pierce the pleadings and conduct a summary inquiry where the plaintiff has stated a claim, but omitted or misstated discrete facts. Id.; see also Boone v. Citigroup Inc., 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)"). Under either avenue, however, all disputed issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. Smith v. Petsmart, Inc., 278 F. App'x 377, 380 (5th Cir. 2008).

In the present case, the Court finds no justification for converting the inquiry into a summary review and therefore analyzes the Plaintiffs' complaint under the more lenient Rule 12(b)(6) framework. Smallwood, 385 F.3d at 574 (noting that the court's inquiry at this stage

should be guided by "simple and quick exposure of the chances of the claim against the in-state defendant").[2] Thus, the Court asks whether there is any reasonable, opposed to merely theoretical, basis to predict that state law might impose liability on the facts involved. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003); Smith, 278 F. App'x at 379.

*Fraudulent Misrepresentation*

The Court turns to the allegations of the complaint for analysis. In order to establish a prima facie case of fraudulent misrepresentation, the Plaintiffs must show: (1) that Defendant made a representation, (2) the representation was false, (3) the representation was material, (4) the speaker knew the statement was false or was ignorant of the truth, (5) Defendant intended that the statement should be acted upon by Plaintiffs in a manner reasonably contemplated, (6) the Plaintiffs were ignorant of the statement's falsity, (7) the Plaintiffs relied on the statement as true, (8) Plaintiffs had a right to rely thereon, and (9) the Plaintiffs suffered proximate injury as a consequence." Oxford Mall Co. v. Sadie's Inc., 18 F. 3d 935, *5 (5th Cir. 1994); Moran v. Fairley, 919 So. 2d 969, 975 (Miss. Ct. App. 2005).

Nation Safe attacks the Plaintiffs' fraudulent misrepresentation claims as to the reasonable reliance factor, contending that "given the language of the signed documents, Plaintiffs cannot show that they reasonably relied on any of the alleged misrepresentations or omissions." In support of such an argument, Nation Safe points to a number of contractual provisions, which Nation Safe contends preclude any reliance on the agents' purported oral misrepresentations. As Nation Safe indeed contends, under Mississippi law, "a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading

---

[2] As previously pointed out by this Court in a markedly similar case, Defendants here have erred by prematurely attempting to convert the present motion into a summary judgment-like proceeding. See Flowers v. Direct General Insurance Co. of Mississippi, 4:12-CV-00091-MPM-JMV, at *2.

9

the contract." Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc., 584 So. 2d 1254, 1257 (Miss. 1991).

However, Mississippi law also recognizes an exception to that general rule in circumstances where "a party alleges that his entry into a contract was procured by fraudulent misrepresentations." Turner v. Terry, 799 So. 2d 25, 33 (Miss. 2001). As articulated in Turner, when such allegations are brought forth,

> parol evidence is admissible to show that the making of a written contract was procured by fraudulent representations. Evidence of this kind does not vary the written contract; it destroys and avoids it. It impeaches the written contract. Its purpose is to show that there was no valid, written contract, and a provision in a written contract that it contains all the stipulations entered into by the parties does not add anything to its strength.

In Anderson v. Equitable Life Assurance Society of the United States, the court considered a situation similar to that presented here. 248 F. Supp. 2d 584, 584 (S.D. Miss. 2003). There, plaintiffs purchased a number of various savings plans that included a life insurance product. Id. at 588. The plaintiffs alleged that defendants had fraudulently misrepresented the nature of those products by producing illustrations and sales materials that purported to demonstrate the value of those plans. Id. In determining that the case was due to be remanded, the court found that plaintiffs possessed "an arguably reasonable basis for recovering against [d]efendants on their claims of fraudulent misrepresentation." Id. at 594.

In the case at bar, the Court finds two principal shortcomings with Nation Safe's reasonable reliance argument. First, as previously pointed out in Flowers, this Court is unconvinced that the cited contractual provisions necessarily speak to the ills now complained of by Plaintiffs. ---- F. Supp. 2d ----, 2013 WL 38116087, *1 (N.D. Miss. Jul. 10, 2013). Additionally, although the general rule is that the Court will not look outside the signed

documents, there is a well delineated exception for fraudulent inducement. At this juncture, the Court cannot say that the exception should not apply.

Secondly, however, Nation Safe also attacks plaintiffs' fraud claims under a failure to plead with particularity theory. Under Mississippi Rule of Civil Procedure 9(b), "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." These circumstances include the time, place, and contents of the fraudulent representation. Allen v. Mac Tools, Inc., 671 So. 2d 636, 642 (Miss. 1996). Previously, this Court characterized a similar complaint brought against Defendants as "lengthy and highly specific" and determined that when viewed in its entirety, the complaint sufficiently satisfied Rule 9(b). See Flowers, 2013 WL 38116087 at *1. The Court finds no reason to deviate from that finding here. The Plaintiffs have pled which agents sold the products, where the sales took place, who made the alleged misrepresentations, when they took place, how the statements took place, and which statements were omitted. Nation Safe's failure to plead with particularity argument therefore also fails.

*Administrative Exhaustion*

Finally, Nation Safe also challenges Plaintiffs' complaint under the interrelated theories of administrative exhaustion and primary jurisdiction. Neither of those theories, however, carries the day here. Nation Safe broadly argues that "[t]here is no basis for any claim against [the Direct General Defendants]." Nation Safe contends that "under the doctrine of exhaustion of administrative remedies and the doctrine of primary jurisdiction, any claims about the products offered to the Plaintiffs must be presented to the Department of Insurance." Nation Safe avers that "the Complaint repeatedly references alleged violations of the Mississippi Insurance Code and Mississippi's public policy regarding insurance." According to Nation Safe,

11

"[t]he Commissioner's plenary authority covers, not only licensed insurers, but also unauthorized insurers and automobile clubs." Thus, according to Nation Safe, "[b]ecause a challenge to sales practices, rates, premiums, and forms goes to the heart of the Commissioner's jurisdiction, Plaintiffs first must exhaust their administrative remedies."

The primary problem with Nation Safe's position is glaring. As noted, Nation Safe argues that almost any non-contractual complaints regarding insurance or insurance-like products must first be presented to the Insurance Commissioner. Such a defense, however, is plainly excluded from consideration here under the common defense doctrine articulated in Smallwood. As the Fifth Circuit has made clear, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." 385 F.3d at 574. Therefore, to the extent that the doctrines of primary jurisdiction or administrative exhaustion might or might not serve to preclude Plaintiffs' claims as to both Nation Safe and the Direct Defendants, it cannot be considered here, and Defendant's cries of improper joinder fall flat.

CONCLUSION

Finally, in light of the foregoing, the Court finds that Plaintiffs have an arguably reasonable basis for recovering against the Direct Defendants on their claims of fraudulent misrepresentation. The existence of one claim suffices to render the entire action unremovable on diversity grounds. See 28 U.S.C. § 1441(c); Anderson, 895 F. Supp. 2d at 594. The other claims alleged by Plaintiffs need not be considered, and Plaintiffs Motion to Remand is granted

[13]. IT IS THEREFORE ORDERED that this case be remanded to the Circuit Court of Leflore County, Mississippi.

SO ORDERED, this the 27th day of September, 2013.

/s/ Sharion Aycock
U.S. DISTRICT JUDGE